SCOTLAND NECK COTTON MILLS v. SHAW COTTON MILLS, INC.

(Filed 16 March, 1921.)

**1. Vendor and Purchaser—Contracts—Breach—Performance—Time Extended—Waiver—Damages.**

Where the seller has breached his contract of sale and delivery of cotton yarns at a time specified, and there is evidence tending to show that for a certain length of time thereafter the parties regarded the contract in force for the delayed seller to fulfill his obligations thereunder: *Held*, the purchaser could waive the breach and extend the time of performance, and evidence of the price of the yarns at the expiration of the time extended, is competent upon the issue as to the measure of the plaintiff's damages, in his action to receive them. *Hosiery Company v. Cotton Mills*, 140 N. C., 454, cited and applied as to the rule for the measure of damages and the facts of this case.

**2. Instructions—Opinion—Contentions—Appeal and Error.**

Exceptions to the charge of the judge, on the ground of an expression of opinion on the evidence, are untenable, when considering the charge as a whole, it manifestly appears that the error complained of was in the statement of the contention of the parties, impartially expressed and with due regard to the rights of the parties.

APPEAL by defendant from *Lyon, J.,* at the November Term, 1920, of HALIFAX.

This is an action to recover damages for breach of a contract, under which the defendant agreed to deliver to the plaintiff 30,000 pounds of blue yarn at the price of thirty-one cents per pound.

The defendant admitted the execution of the contract and its breach, and the principal controversy was as to the time of the breach, the defendant contending that the breach occurred in June, 1919, and the plaintiff that the breach was on 10 March, 1920.

On the trial of the action the plaintiff was permitted to offer evidence showing the market value of blue yarns on 10 March, 1920, and the defendant excepted upon the ground that all the evidence showed that the breach was in June, 1919.

The market price of yarn increased from June, 1919, to 10 March, 1920.

There are other exceptions taken by the defendant to the charge.

There was a verdict and judgment for the plaintiff, and the defendant excepted and appealed.

*E. L. Travis, A. P. Kitchin,* and *George C. Green* for plaintiff.
*Ashby M. Dunn* and *Daniel & Daniel* for defendant.

ALLEN, J.   There was undoubtedly a breach of the contract by the defendant in June, 1919, in that it failed to deliver the yarns according to its agreement, and the plaintiff then had the right to sue to recover damages, but it could also waive the breach, and could extend the time for the performance of the contract, and an examination of the correspondence in the record leads us to the conclusion that there is evidence that both parties treated the contract in force and were expecting performance up to 10 March, 1920; and if so, the time of the breach was a question of fact, to be determined by the jury.

On 10 March the defendant wrote the plaintiff: "I find it impossible to resume shipments on your order, and an adjustment of the matter will have to be made on other lines," indicating that up to that time parties dealt with the contract as still in force.

The letter goes on to state the different efforts made by the defendant to perform the contract, and then says: "We are so badly behind with orders that should have been delivered last fall that it is impossible to figure when we can produce any yarn in excess of our own requirements"; and again, "If the mill could have run you would have gotten your yarn before 1 January," from which it may reasonably be inferred that the parties had not regarded the contract at an end before that time.

It follows, therefore, as there was evidence that the time of the breach was on 10 March, 1920, that evidence of the market value at that date was competent and properly received.

The other exceptions relied on by the defendant are to the statements of the contentions of the parties.

We have examined these with care, and while there are statements which, standing alone, might be held to be expressions of opinion, when the charge is considered as a whole, it is manifest that the judge presiding was only stating the contentions of the parties, and as it appears to us, this was done impartially and with due regard to the rights of both parties.

The rule for the measure of damages laid down for the guidance of the jury is the one approved in *Hosiery Co. v. Cotton Mills,* 140 N. C., 454.

We have carefully considered all of the exceptions, and find nothing that will warrant a reversal of the judgment.

No error.